**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK ARMANDO LOPEZ-MEJIA, | No. 23-177 |
| Petitioner, | Agency No. A077-973-844 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2024**
Pasadena, California

Before: CLIFTON, COLLINS, and LEE, Circuit Judges.

Frank Armando Lopez-Mejia, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of

an Immigration Judge's (IJ) denial of his applications for withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

When the BIA adopts the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013). Denials of withholding of removal and CAT protection are reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). On substantial evidence review, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

To be eligible for withholding of removal, Lopez-Mejia must show that his "life or freedom would be threatened" in his country of removal "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To prevail, Lopez-Mejia must demonstrate a nexus between the harm feared and a protected ground. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). The IJ concluded that Lopez-Mejia failed to submit any evidence establishing the requisite nexus. In his opening brief in support of his petition, Lopez-Mejia "does not raise any arguments directed to this issue." *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not argued in opening brief). Accordingly, we conclude that Lopez-Mejia waived his challenge to the agency's

denial of his application for withholding of removal by failing to raise any argument concerning the agency's dispositive no-nexus determination. *See id.*

To be eligible for CAT protection, Lopez-Mejia must "demonstrate that he would be subject to a '*particularized threat* of torture,' and that such torture would be inflicted 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citations omitted). Lopez-Mejia argues that he will be tortured in Guatemala because he will be identified as a gang member based on his tattoos, and that gangs or the police will torture him as a result. Such a generalized fear of gang violence does not support reversal of the agency's denial of CAT protection. *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 750 (9th Cir. 2020) (holding that speculative fear of gang torture based merely on tattoos is insufficient to show eligibility for CAT relief); *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.").

**PETITION DENIED.**